IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 25 CR 196 |
| v. | ) | |
| | ) | Judge Daniel P. McLaughlin |
| MARVIN CEDERO ROMERO | ) | |

**NOTICE OF INTENT TO PLEAD GUILTY AND TO WAIVE VENUE
PURSUANT TO RULE 58(c)**

Marvin Cedero Romero hereby gives notice of his intent to enter a guilty plea in this case.[1]

Pursuant to Rule 58(c) of the Federal Rules of Criminal Procedure, he waives venue and trial in

the Western District of Texas and consents to this Court disposing of the case in this district. In

support of which, Mr. Cedero Romero states the following.

## BACKGROUND

On March 26, 2025, the government charged with Mr. Cedero Romero under 8 U.S.C. §

1325(a)(1) with unlawfully entering the United States around April 19, 2024 near the Yselta Port

of Entry in El Paso, Texas. *See* Dkt. 1 at 4 (referring to docket in Northern District of Illinois

matter). On April 14, 2025, Mr. Cedero Romero appeared before this Court and was order released

pursuant to a set of conditions and an unsecured bond of $25,000. Defense counsel has been

informed by officers at the MCC Chicago that Mr. Cedero Romero is still being held at there and

will be there until tomorrow, at which point they expect ICE officers to take Mr. Ceero Romero

---

[1] In the event that the Court determines that Mr. Cedero Romero may not waive venue and this case
proceeds to trial, the defense's position is that the statements contained in this filing are
inadmissible pursuant to Rule 58(c)(2)(B) of the Federal Rules of Criminal Procedure. Fed. R.
Crim. P. 58(c)(2)(B) ("The defendant's statement of a desire to plead guilty or nolo contendere is
not admissible against the defendant.").

1

into immigration custody. For this reason, we would ask for an emergency hearing before this Court. Mr. Cedero Romero would waive his presence at any court hearing set for this motion.

Given that Mr. Cedero Romero has not appeared in the Western District of Texas at this time, defense counsel believes that no motions are pending in that district, nor are any interim status hearings currently scheduled.

## ARGUMENT

Mr. Cedero Romero is willing to plead guilty in this case. Rule 58(c) of the Federal Rules of Criminal Procedure provides defendants like him with the right to waive venue in the district in which they were originally charged and to proceed, by guilty plea, in the district of arrest. As the committee note to Rule 58 makes clear, venue waiver under this Rule does not require the agreement of the government. Fed. R. Crim. P. 58(c), Advisory Committee Note ("In order to maintain a streamlined and less formal procedure which is consistent with the remainder of the Rule, subdivision (c)(2) does not require the formal 'consent' of the United States Attorneys involved before a waiver of venue may be accomplished."). *See also* United States v. Clayton Jemine, No. 21 CR 374, at Dkt. 33 (N.D. Ill. Dec. 22, 2021) (Fuentes, Mag. J.).

Instead, Rule 58(c) establishes two requirements that must be met for the Court to accept Mr. Cedero Romero's venue waiver. *First*, the Court must determine that he has been charged with a "petty offense" as that term is defined by federal law. Fed. R. Crim. P. 58(c). *Second*, the Court must make a pre-plea determination that, "in the event of conviction, no sentence of imprisonment will be imposed" on Mr. Cedero Romero. Fed. R. Crim. P. 58(a)(3). The defense will discuss each of these requirements in turn.

**A.    Mr. Cedero Romero is charged with petty offenses that are subject to venue waiver under Rule 58(c) of the Federal Rules of Criminal Procedure.**

2

While the procedures for the disposition of felonies and Class A misdemeanors are covered in other sections of the Federal Rules of Criminal Procedure, the procedures governing petty offenses are contained in Rule 58. Fed. R. Crim. P. 58. As the term is defined by federal law, a "petty offense" is "a Class B misdemeanor, a Class C misdemeanor, or an infraction." 18 U.S.C. § 19.

In this case, Mr. Cedero Romero is charged with a Class B misdemeanor. Under 8 U.S.C. § 1325 (a)(1) Mr. Cedero Romero faces no more than 6 months imprisonment. Under the federal classification system, that means that the offense is a Class B misdemeanor. 18 U.S. Code § 3559(a)(7) (providing that, "if the maximum term of imprisonment authorized is . . . six months or less but more than thirty days, [the offense is classified as] a Class B misdemeanor"). As a result, the charges in this case are petty offenses and are subject to the provisions of Rule 58.

**B.      The Court should hold that a sentence of imprisonment will not be imposed in this case, based on an analysis of the § 3553(a) factors.**

The venue transfer provision of Rule 58(c) does not automatically apply in all petty offense cases. Instead, the provision applies to cases "involving a petty offense for which no sentence of imprisonment will be imposed[.]" Rule 58(c). Fed. R. Crim. P. 58(c). But the Rule also makes it clear that it is the Court—not the maximum penalty authorized by statute—which determines whether a sentence of imprisonment will be imposed. Fed. R. Crim. P. 58(a)(3) (defining the term "petty offense for which no sentence of imprisonment will be imposed" as "a petty offense *for which the court determines that*, in the event of conviction, no sentence of imprisonment will be imposed") (emphasis added).

In other words, Rule 58(c) requires courts to make a pre-trial (or, in this case, pre-plea) determination as to whether a custodial sentence will be a possible punishment at the time of sentencing. *See Lewis v. United States*, 518 U.S. 322, 338 (1996) (Kennedy, J. concurring) (noting

3

that "Federal Rule of Criminal Procedure 58(a)(2) authorizes district courts not to apply the Federal Rules of Criminal Procedure in petty offense prosecutions for which no sentence of imprisonment will be imposed. The rules contemplate the determination being made before trial."); *see also United States v. DeGarza*, 468 F. Supp. 3d 794, 797 n.3 (W.D. Tex. 2020) ("The plain language [of Rule 58] requires a prospective pre-trial decision by the presiding judge that imprisonment will not be considered among the authorized sentences.") (quoting *United States v. Downin*, 884 F. Supp. 1474, 1478–79 (E.D. Cal. 1995)). If the Court determines that it does not intend to impose a term of incarceration at the time of sentencing, then that means that the offense qualifies as "a petty offense for which no sentence of imprisonment will be imposed."

The defense acknowledges that, in a more typical case, making such a pre-plea determination could be a difficult endeavor. But here, the Court's task is significantly simplified by the fact that the charged conduct here is nonviolent in nature and that no further information of danger or violence was proffered by the government at the detention hearing. Further, this is Mr. Cedero Romero's first such criminal immigration offense.

This is Mr. Cedero Romero's first such immigration-related criminal offense. Further, defense counsel has no knowledge of previous criminal convictions. It appears that Mr. Cedero Romero has no deportation history either. The offense conduct in this case is nonviolent and as this Court is aware, the government made no such arguments about safety to the community at the detention hearing held on April 14, 2025. No information was proffered about bond forfeiture warrants or any other issues while on court supervision.

Further, as this Court is likely aware, Mr. Cedero Romero currently has an ICE detainer, meaning that the likelihood that he is removed from this country is high. A conviction under 8 U.S.C. § 1325 would frankly speed up his removal process from this country. Any sentence

involving a term of incarceration for this offense would either never come to fruition given the likelihood that he is deported prior to the conclusion of his case, or would simply be a waste of federal resources given the nonviolent nature and lack of deportation history or history of previous illegal entries.

Under these circumstances, the defense strongly believes that a term of incarceration would not be of any benefit to society, to Mr. Cedero Romero, or to limited resources of the BOP. For those reasons, the defense would ask the Court find that, "in the event of conviction, no sentence of imprisonment will be imposed" and accept Mr. Cedero Romero's request to transfer venue to this district.

## CONCLUSION

For those reasons, the defense respectfully requests that the Court accept Mr. Cedero Romero's notice of intent to waive venue and schedule a change of plea hearing for Mr. Cedero Romero.

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
John F. Murphy
Executive Director

By:     /s/ *Emily Mollinedo*
        Emily Mollinedo
        Attorney for Marvin Cedero Romero

FEDERAL DEFENDER PROGRAM
55 E. Monroe Street, Suite 2800
Chicago, Illinois 60603
(312) 621-8343